UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

RONALD MITCHELL, )
 )
      Petitioner, )
 )
  vs. ) Case No. 04-3413-CV-S-RED-P
 )
R. CHANDLER, et al., )
 )
      Respondents. )

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner is a federal prisoner who seeks habeas corpus relief pursuant to 28 U.S.C. § 2241, claiming that "fundamental Parole Commission errors" have resulted in his continued, unconstitutional incarceration. Doc. No. 1, p. 4 (petition).

In affirming the actions taken against petitioner by the Parole Commission, the National Appeals Board stated the following:

> The Board has considered your appeal and agrees with the Regional Commissioner's decision revoking your parole and continuing you to the expiration of your sentence. The Board finds no merit to your claims that the Commission has failed to grant you reparole guideline credit, that the Commission unlawfully double counted your offense behavior, and that the Commission failed to consider mitigating circumstances.
>
> In your appeal, you argue that the Commission made a procedural error by allegedly not specifying the time you had spent in custody. You claim that, according to your calculations, you only have 10 months remaining on your parole violation

term. The Board disagrees with your assessment. The record shows that the Commission granted you all the credit to which you were entitled.

When you were last released on parole on October 24, 1993, you had 3773 [days] remaining to be served on your old law sentence. After your arrest for new criminal conduct, the Commission issued a parole violator warrant for your arrest, which tolled the running of your sentence. You subsequently received an intervening new law federal sentence of 87 months for your conviction for armed bank robbery and escape. Upon your release from the intervening sentence on November 20, 2003, the Commission's violator warrant was executed by your arrest. When the Commission revoked your parole, the Commission lawfully forfeited all the time you had spent on parole because you received a conviction for criminal conduct committed while under parole supervision. However, the Commission granted you *guideline* credit for the time you spent in custody since your arrest on October 24, 1994 (while you were serving your intervening sentence) . . . . At the time of your hearing, the Commission determined that you had spent 114 months in custody. The Board finds no error in this calculation. The Board therefore finds that the Commission lawfully did not grant you sentence credit and granted you guideline credit.

The Board also finds no merit to your claim that the Commission unlawfully double counted your offense behavior in determining you [sic] guidelines. The Commission only considered each of your offenses and disciplinary infractions once in determining your guidelines. The fact that the Bureau of Prisons assessed your institutional misconduct in taking away good time has no impact on the Commission's determination of whether you are suitable for release into the community.

> Finally, your claim that you should not be held responsible for your criminal actions because of your alleged mental instability equally has no merit. You were convicted of the intervening offense without any issue regarding your mental competency. The record does show that you were prescribed medication for sleeplessness and anxiety, but the record does not contain any information indicating that you could not be held responsible for your actions. Accordingly, the Board finds that there [are] no mitigating circumstances warranting a different decision in your case.

Respondent's Exhibit M, Notice of Action on Appeal (citations omitted) (emphasis in original).

"Although [federal courts] do not have jurisdiction to review the [Parole] Commission's substantive decisions, [federal courts] will review such decisions to determine whether the Commission exceeded its statutory limits." *Hutchings v. United States Parole Comm'n*, 201 F.3d 1006, 1008-09 (8th Cir. 2000) (citation omitted). Having reviewed the record, the Court finds that the above-quoted statement is legally correct and supported by the record, and that the Commission did not exceed its statutory limits with regard to its treatment of petitioner. The Court also finds that all claims not addressed in the above-quoted statement (e.g., petitioner's assertion that he was prosecuted under a "forged indictment") either lack merit or are not cognizable in this case for the reasons set out in the government's response.

Accordingly, it is **ORDERED** that this petition for a writ of

habeas corpus is denied, and this case is dismissed with prejudice.

                                             _/s/Richard E. Dorr_
                                             RICHARD E. DORR
                                             UNITED STATES DISTRICT JUDGE

Springfield, Missouri,

Dated: _9/19/05_____.